UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES V. FARNSWORTH,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>PIERCE COUNTY AND THE CITY OF TACOMA,<br><br>　　　　　　Defendants. | Case No.  C05-5177RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**August 12th, 2005** |

　　　This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Plaintiff has been granted leave to proceed *informa pauperis.*  After reviewing the complaint in this action the undersigned recommends that the action be **DISMISSED WITH PREJUDICE** prior to service with dismissal counting as a strike pursuant to 28 U.S.C. § 1915 (g) for failure to state a claim.

FACTUAL BACKGROUND

　　　Plaintiff names a county and a city as defendants.  He alleges he requested forms for filing actions in state court from the county clerk and forms were provided.  He alleges he attempted to file actions in Pierce County using the forms and altered the forms and attempted to file another action if Clallam County. (Dkt. # 17).  In both cases his motions to proceed were denied because the motions were not accompanied by proposed

REPORT AND RECOMMENDATION
Page - 1

1  orders and other technicalities.

2  He brings action against Pierce County and the City of Tacoma and seeks $5000.00 from each
3  defendant.

## DISCUSSION

5  In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the
6  conduct complained of was committed by a person acting under color of state law and that (2) the conduct
7  deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United
8  States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474
9  U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these
10 elements are present.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S.
11 1020 (1986).

12 To establish municipal or county liability under  § 1983, a plaintiff  must show that (1) he was
13 deprived of a constitutional right;  (2) the municipality has a policy;  (3) the policy amounts to deliberate
14 indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the
15 constitutional violation.   Oviatt v. Pearce, 954 F.2d 1470, 1474  (9th Cir.1992).  The Supreme Court has
16 emphasized that the unconstitutional acts of a government agent cannot, standing alone, lead to municipal
17 liability; there is no respondeat superior liability under § 1983.  Monell v. New York City Dept. of Social
18 Services, 436 U.S. 658, 692 (1978).  A municipality may only be liable where its policies are the "moving
19 force [behind] the constitutional violation." City of  Canton v. Harris, 489 U.S. 378, 389, (1989)(quoting
20 Monell at 694).

21 There is no policy at issue in this case.  Further, a county or city has no constitutional obligation to
22 provide legal forms to an inmate seeking to file an action. The duty to follow and know the court rules and
23 to research what those rules may entail is plaintiff's.  The complaint fails to state a cause of action under 42
24 U.S.C. § 1983.  It does not appear this defect can be cured and dismissal prior to service is therefore
25 appropriate.  Franklin v. State of Oregon, State Welfare Division, 662 F.2d 1337 (9th Cir. 1981).

## CONCLUSION

27 Plaintiff cannot bring a 42 U.S.C. § 1983 for dismissal of his actions in state court where his
28 pleadings do not meet local rule requirements.  Neither the city nor county are liable for plaintiff's failure

to comply with court rules and a form provided to him may not be the only document he needs to file to have a motion considered.  This action should be **DISMISSED WITH PREJUDICE** prior to service.  The court notes counsel has appeared for the city to contest the application to proceed IFP in this case.  Counsel is entitled to notice of all further pleadings filed.  Dismissal for failure state a claim counts as a strike pursuant to 28 U.S.C. 1915 (g).  A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 12th, 2005**, as noted in the caption.

DATED this 15 day of July, 2005.

Karen L. Strombom
United States Magistrate Judge